**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOREN GAO,<br><br>                Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                Respondent. | No.   17-72403<br><br>Agency No. A099-864-744<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Boren Gao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Gao failed to establish he suffered harm due to his wife's forced abortion that rose to the level of persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (taking into account wife's forced abortion, record did not compel finding of past persecution where petitioner did not show he suffered other harm). Substantial evidence also supports the agency's determination that Gao failed to establish a well-founded fear of future persecution on account of his resistance to coercive population control or his religion. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Gao's asylum claim fails.

Because Gao failed to establish eligibility for asylum, in this case, he did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

We lack jurisdiction to consider Gao's contentions concerning Falun Gong. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

Substantial evidence supports the agency's denial of CAT relief because

Gao failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's November 17, 2017 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**